UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592<br>   PENSION FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   WELFARE FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   JOINT APPRENTICESHIP TRAINING FUND,<br>GENERAL BUILDING CONTRACTORS<br>   ASSOCIATION, INC. INDUSTRY<br>   ADVANCEMENT PROGRAM,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   POLITICAL ACTION COMMITTEE,<br>CEMENT MASONS' UNION LOCAL 592<br>   OF PHILADELPHIA, PA; and<br>BILL OUSEY, a Fiduciary<br>7821 Bartram Avenue, Suite 102<br>Philadelphia, PA 19153,<br><br>                        Plaintiffs,<br><br>   v.<br><br>ABC CONSTRUCTION COMPANY, INC.<br>714 Dunksferry Road<br>Bensalem, PA 19020<br><br>                        Defendant. | CIVIL ACTION<br>NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2.    A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiff Cement Masons' Union Local No. 592 Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Cement Masons' Union Local No. 592 Pension Plan, a multiemployer plan and pension plan within the meaning of 29 U.S.C. § 1002(37), (2). The Pension Fund, its trustees and the Pension Plan are referenced jointly or severally as the "Pension Fund" in this Complaint.

5.      Plaintiff Cement Masons' Union Local No. 592 Welfare Fund is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Cement Masons' Union Local No. 592 Welfare Plan, a multiemployer plan and welfare plan within the meaning of 29 U.S.C. § 1002(37), (l). The Welfare Fund, its trustees and the Plan are referenced jointly or severally as the "Welfare Fund" in this Complaint. The Welfare Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Health and Welfare Fund" and "Health and Welfare Fund" in the Labor Agreement(s) relating to this Complaint.

6.      Plaintiff Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§

1102(a), 1002(16), (21) of a multiemployer plan within the meaning of 29 U.S.C. § 1002(37), (l) of the same name. The Apprenticeship Fund is also known as and referenced as the "Plasterers and Cement Masons Joint Apprenticeship Training Funds" and "Joint Apprenticeship Training Fund" in the Labor Agreement(s) relating to this Complaint.

7. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area. The IAP is also known as and referenced as the "Industry Advancement Program" in the Labor Agreement(s) relating to this Complaint.

8. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union") is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Gentile Concrete, Inc. ("Company" or "Defendant"), who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10. The ERISA Funds, IAP, PAC, and Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11. Plaintiff Bill Ousey ("Ousey" and together with the ERISA Funds, IAP, PAC, and Union, "Plaintiffs") is a fiduciary with respect to the ERISA Funds within the meaning of 29 U.S.C. § 1002(21), Chairman of the PAC, and President and Business Manager of the Union, with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the ERISA Funds, the PAC, and the Union. He is trustee ad litem for the IAP in connection with this action.

12. ABC Construction Company, Inc. ("Company" or "Defendant"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

13. At all times relevant to this action, Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract and Company's signature page are attached collectively as Exhibit 1. Company also signed or agreed to abide by the terms of the trust agreements of the ERISA Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations. Ex. 1, Labor Contract, Art. VI, Section 1; Art. XI, Section 2; Art. XII, Section 2.

14. Under the Labor Contract or Trust Agreements and applicable law, Company is required:

    (a) To make full and timely payments on a regular basis to the ERISA Funds, IAP, PAC and Union as required by the Labor Contract (Ex. 1, Labor Contract, Art. VI, Section

2; Art. XI, Sections 1, 3; Art. XII, Section 1; Art. XVII, Section 2; Art. XVII, Section 2; Art. XVIII, Section 2);

   (b) To file timely remittance reports with the ERISA Funds detailing all employees or work for which contributions were required under the Labor Contract (Ex. 1, Labor Contract, Art. XIII, Sections 2-3, 7);

   (c) To produce, upon request by the ERISA Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the ERISA Funds, Union, and Associations (Ex. 1, Labor Contract, Art. XIII, Section 11); and

   (d) To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the ERISA Funds, IAP, PAC, and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c) (Ex. 1, Art. XII, Sections 5, 6).

  15. In June 2017, Plaintiffs and Company entered into a settlement agreement ("Settlement Agreement") to resolve a delinquency owed by Company to the Funds for the period November 2016 through April 2017. A copy of the Settlement Agreement is attached as Exhibit 2.

  16. Paragraph 2 of the Settlement Agreement provides for a conditional waiver of $6,238.26 in liquidated damages if Company did not breach or violate the terms of the Settlement Agreement. Ex. 2, Settlement Agreement, ¶2.

17. Paragraph 7(b) of the Settlement Agreement lists the events that would constitute a breach of the Settlement Agreement ("Event of Default"). An Event of Default would occur if Company submitted even one untimely contributions to the Funds beginning with June 2017, or if, among other things, Company submitted even one untimely remittance report to the Funds beginning with June 2017. Ex. 2, Settlement Agreement, ¶7.

18. Company did not timely submit reports and/or contributions to the Plaintiffs for the period November 2017 through March 2018.

19. Paragraph 6 of the Settlement Agreement requires Company to cooperate with a payroll compliance audit of its books and records. Ex. 2, Settlement Agreement, ¶6.

20. The Funds began conducting a payroll compliance audit of Company in July 2017 for the period January 1, 2015, through present. Company provided some, but not all, records requested by Plaintiffs' auditors.

21. On November 2, 2018, Plaintiffs' Counsel sent Company a written Notice of Default of the Settlement Agreement ("Notice"). A copy of the Notice is attached as Exhibit 3. The Notice includes a demand for the following:

    (a) remittance reports and/or contributions for the period November 2017 through May 2018;

    (b) documents necessary for Plaintiffs' auditor to complete a payroll compliance audit of Company's books and records for the period January 2015 through present;

    (c) amounts owed the Funds for the period January 2018 through August 2018;

    (d) conditionally waived amounts under the Settlement Agreement.

22. Company did not respond to the Notice.

23. Additionally, Company has failed to submit contributions for the period January 2019 through present as required by the Labor Contracts, Trust Agreement or applicable law.

24. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I – BREACH OF CONTRACT

### PLAINTIFFS
### v.
### COMPANY

25. The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

26. Company defaulted on its obligations under the Settlement Agreement.

27. Pursuant to paragraphs 2, 6, and 16 of the Settlement Agreement, Plaintiffs provided Notice for (i) failure to timely submit reports and contributions and (ii) failure to fully cooperate with a payroll compliance audit.

28. Company did not cure the default and therefore the Conditional Waiver is revoked.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs for the amount of the Conditional Waiver, $6,238.26, together with interest calculated at the rate of 4.0% compounded monthly from June 2, 3017, through the date of payment or judgment as outlined in paragraph 2 of the Settlement Agreement; and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - AUDIT

## PLAINTIFFS
## v.
## COMPANY

29. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

30. Company is required by the Labor Contract, Trust Agreement or applicable law to permit the ERISA Funds, IAP, PAC, and Union to audit the records and to cooperate in determining the contributions due Plaintiffs.

31. The amount of contributions and work dues Company is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Company.

32. An audit of the Company's books and records for the period January 2015 through present has not been completed because Company has refused to provide all of the necessary documents and information to the auditors as required by the Labor Contract, Trust Agreement, or applicable law.

33. The Plaintiffs have no adequate remedy at law because the calculation of any damages suffered as a result of the breach itself requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under

their actual or constructive control for the period January 2015 to present and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

**ERISA FUNDS**
**v.**
**COMPANY**

34. The allegations of Paragraph 1 through 33 are incorporated by reference as if fully restated.

35. Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

36. The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Company delinquency since the books, records and information necessary to determine this liability are in Company's possession, custody, control or knowledge.

37. The ERISA Funds have been damaged by Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against Company in favor of the ERISA Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual

payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

**PLAINTIFFS**
v.
**COMPANY**

38. The allegations of Paragraphs 1 through 37 are incorporated by reference as if fully restated.

39. Company has failed to make contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

40. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in Company's possession, custody, control or knowledge.

41. The Plaintiffs have been damaged by Company's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - INJUNCTION

**PLAINTIFFS**
**v.**
**COMPANY**

42. The allegations asserted in Paragraphs 1 through 41 are incorporated by reference as if fully restated.

43. Company has chronically failed to submit timely reports and/or contributions to the Plaintiffs in violation of the Labor Contract, Trust Agreements or applicable law.

44. Unless ordered by the Court, Company will continue to refuse to submit remittance reports and/or pay contributions presently due, or which become due in the future, and the ERISA Funds and their participants will be irreparably damaged.

45. The Plaintiffs have no adequate remedy at law because the calculation of any damages suffered as a result of Company's breach of contractual requirements to submit timely remittance reports and contributions requires an audit.

**WHEREFORE**, Plaintiffs, for themselves and on behalf of the ERISA Funds, ask the Court to:

(1)     Permanently restrain Company from continuing to violate the terms of the current collective bargaining agreement between Company and the Union, or violating other collective bargaining agreements as may be entered by the parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as Company is contractually required to do so; or, alternatively,

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: /s/ Marra
MAUREEN W. MARRA (ID No. 309865)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0674
Fax: (215) 922-3524
mmarra@jslex.com / usdc-edpa-erisa@jslex.com

Date:  July 16, 2019                    Attorney for Plaintiffs